UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA D. SEXTON, | No. 2:15-cv-00542-GEB-AC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Defendant. | |

      Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint to be so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts defendant engaged in that support plaintiff's claims. Id. Plaintiff's complaint includes allegations that she has been defamed, and that others have profited off of her suffering, as well as a narrative about her rights secured by the United States Constitution. ECF No. 1. These allegations do not, in and of themselves, state a claim. Accordingly, plaintiff's complaint must be dismissed because the court is unable to determine whether it is frivolous or states a claim for relief.

Plaintiff is cautioned that if she chooses to file an amended complaint, she must submit a short and plain statement in accordance with Federal Rule 8(a) explaining who has engaged in what specific actions, how those actions have injured her, and what law entitles her to relief. Any amended complaint must also show that the federal court has jurisdiction, that the action is brought in the right place, that plaintiff is entitled to relief if her allegations are true, and the

amended complaint must contain a request for particular relief. The amended complaint should contain separately numbered, clearly identified claims.

In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed.1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed; and

3 Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

////

////

1 copies of the amended complaint; failure to file an amended complaint in accordance with this
2 order will result in a recommendation that this action be dismissed.
3 DATED: March 20, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE