UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA D. SEXTON, | No. 2:15-cv-00542-GEB-AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Defendant. | |

      Plaintiff, proceeding in this action pro se and in forma pauperis, filed her first amended complaint on August 14, 2015, pursuant to the court's order. ECF No. 9. This proceeding was referred to this court by Local Rule 72-302(c)(21). The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1

1  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
2  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
3  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt
4  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
5  this standard, the court must accept as true the allegations of the complaint in question, Hospital
6  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
7  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
8  McKeithen, 395 U.S. 411, 421 (1969).

9        The court finds the allegations in plaintiff's amended complaint to be so vague and
10 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
11 claim for relief. The court has determined that the complaint does not contain a short and plain
12 statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules
13 adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the
14 claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
15 1984). Plaintiff must allege with at least some degree of particularity overt acts defendant
16 engaged in that support plaintiff's claims. Id. Plaintiff's amended complaint is largely illegible,
17 and those parts that are legible do not include cognizable legal claims or comprehensible factual
18 allegations. ECF No. 9.[1] Accordingly, the court will recommend that plaintiff's amended
19 complaint be dismissed because the court is unable to determine whether it is frivolous or states a
20 claim for relief.

21       The court will also recommend that the dismissal of plaintiff's amended complaint be
22 without leave to amend. Courts must grant leave to amend where justice so requires. Fed. R.
23 Civ. P. 15(a). A district court, however, may in its discretion deny leave to amend "due to 'undue
24 delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
25 by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

---

[1] The face sheet of the complaint, which is typed, states that plaintiff is suing various county, state and federal entities for "matters that cover stem cell research, behavioral science, personal injury, and other matters related to harsh government techniques against the Plaintiff." ECF No. 9 at 1. The body of the complaint is incomprehensible.

2

of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).  District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009).  Plaintiff has already been give one chance to amend her complaint with detailed instructions by the court.  Nevertheless, she has submitted an amended complaint that does not improve upon her previous complaint.  Accordingly, the court will recommend that plaintiff's amended complaint be dismissed without leave to amend because leave to amend would be futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint, ECF No. 9, be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3